UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

DONOVAN ROPER,                     )   CASE NO.  4:10 CV 1931
                                   )
         Petitioner,               )   JUDGE CHRISTOPHER A.  BOYKO
                                   )
   v.                              )
                                   )   MEMORANDUM OF OPINION
                                   )    AND ORDER
HARLEY G. LAPPIN, *et al.*,        )
                                   )
         Respondents.              )

*Pro se* Petitioner Donovan Roper filed the above-captioned Habeas Corpus action under 28 U.S.C. § 2241 against Harley G. Lappin, Director of the Bureau of Prisons (BOP), Corrections Corporation of America ("CCA") President & CEO John D. Ferguson, and Warden Roddie Rushing at the Northeast Ohio Correctional Center (N.E.O.C.C.)  Petitioner, who is incarcerated at N.E.O.C.C.,[1] asserts that his transfer to N.E.O.C.C. was based on his national origin and immigration status in violation of his Fifth and Fourteenth Amendment rights under the Constitution, as well as 28 C.F.R. § 551.90, 18 U.S.C. § 242, 18 U.S.C. § 4001 and 18 U.S.C. § 3621(b).[2]  He claims the transfer is based on an agreement between CCA and

---

[1] Petitioner identifies N.E.O.C.C. as "a CCA facility, pursuant [to] a contract agreement." (Pet. at 4.)

[2] Notwithstanding the fact that 18 U.S.C. § 4001 is a criminal statute, it would otherwise fail
(continued...)

the BOP. Petitioner seeks a declaration that the agreement is null and void, an immediate transfer to a BOP facility in accordance with 18 U.S.C. §3621(b), and any other relief the Court deems appropriate.

*Background*

Petitioner states he is a resident alien of the United States serving a criminal sentence. On or about March 24, 2005, Petitioner was transferred to F.C.I. Loretto in Pennsylvania. He was classified at a low security level and remained at F.C.I. Loretto until March 27, 2008, when he was transferred to N.E.O.C.C. "on the basis of his race, national origin, and immigration status." (Pet. at 3.) N.E.O.C.C. staff advised Petitioner that his transfer was based a contractual arrangement between C.C.A. and the BOP. The agreement allegedly authorizes prison transfers based on national origin, immigration status and low security re-classification.

*Analysis*

Petitioner asserts he is being treated differently from other low security prisoners on the basis of his immigrant and nationality status. He claims, *inter alia*, this violates 18 U.S.C. § 242, which affords all persons protection from any unconstitutional action taken under color of State or federal law.[3] Petitioner asserts that, under the Fifth and Fourteenth

---

[2](...continued)
to afford Petitioner, a non-citizen, any legal protection. It reads, in relevant part, "[n]o citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress." 18 U.S.C. § 4001(a).

[3] This is a statute which criminalizes conspiracy to deprive persons of their rights secured by the Constitution or laws of the United States, and the deprivation of rights under color of law. *See* 18 U.S.C. § 242. Because this criminal statutes does not provide any basis for civil liability,
(continued...)

Amendment, low security, non-citizen inmates are entitled to the same treatment as low security inmates who are citizens of the United States. Petitioner cites the Supreme Court's decision in *Johnson v. California*, 543 U.S. 499 (2005) to support his assertion that prisoner segregation by race, national origin or immigrant status violates the Constitution. *Johnson* involved an African-American state prison inmate who challenged the prison's unwritten policy of placing new or transferred inmates with cellmates of the same race during the initial evaluation period. There, the inmate argued that the actions of the correction officials were in violation of 42 U.S.C. §§ 1981 and 1983.

Petitioner argues that he is entitled, as an immigrant, to be treated the same as all other similarly situated low security inmates because he meets the regulatory definition of "inmate," described in 28 C.F.R. Part 500.1(c). Inmates in his position are, however, denied the "privilege of possessing items allowed to purchase at Federal Bureau of Prison facility such as toe-nail-clippers, and beard- trimmers which similar security custody F.B.O.P. Inmates are allowed to possess." (Pet. at 11.) He claims these conditions are more severe than the conditions experienced by prisoners who are United States citizens and housed in BOP. facilities. Finally, Petitioner claims, that unlike prisoners who are U.S. citizens, he is being

> denied the same rights and privileges . . . such as Release Preparation Program, Drug and alcohol Program, Pre-release-Community Corrections Center-Half way house Program pursuant to Federal Bureau of Prisons Policy

---

[3](...continued)

Petitioner cannot state a claim upon which relief may be granted under this statute. *See Krajicek v. Justin*, No. 98-1249, 1999 WL 195734 at *1 (6th Cir. Mar.23, 1999), *cert. denied*, 528 U.S. 1046 (1999)(holding that §§ 241-242 do not provide a basis for civil liability); *Owens v. Johnson*, No. 98-1728, 1999 WL 777453 at *1 (6th Cir. Sept.16, 1999)(holding that § 242 does not provide a private cause of action).

>and procedure, the Second Chance Act H.R. 1593, chapter 3, Section 251(a),(c)(1), and 18 U.S.C.A. § 3624(c)(1), as well as Home Confinement Program pursuant to Second Chance Act H.R. 1593, chapter 3, Section 251(a),(c)(2), and 18 U.S.C.A. § 3624(c)(2).

(Pet. at 11-12). Beyond these conclusory statements, there is no assertion in the Petition claiming Petitioner is either entitled to participate in these programs, or that he is otherwise eligible for the benefits these programs provide.

*Federal Habeas Petitions*
*28 U.S.C. § 2241*

The statute provides, in relevant part, that:

>(c) The writ of habeas corpus shall not extend to a prisoner unless--
>
>>(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>>
>>(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>>
>>(3) He is in custody in violation of the Constitution or laws or treaties of the United States;

28 U.S.C. § 2241(c). Petitioner captions his § 2241 pleading as a "Petition to Correct Custody." He claims the Petition is a challenge to his "unconstitutional physical confinement," in violation of his Fifth and Fourteenth Amendment rights to due process and equal protection under the Constitution. (Pet. at 1.) The Petition is not a challenge to Petitioner's confinement, but an attack on the Respondents' decision to transfer him to N.E.O.C.C. based on his status as an immigrant. If this were an actual challenge to his confinement, his requested relief would

-4-

ultimately effect the length or duration of his term of confinement. This is true regardless of whether he were requesting immediate release, or challenging the manner in which the prison is executing his sentence.[4]

## *Habeas Petitions*

Habeas Corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Court further explained that principle in *Nelson v. Campbell*, 541 U.S. 637 (2004), wherein "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks *monetary or injunctive relief*, fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance." *Id*. at 643 (emphasis added); *see also Muhammed v. Close*, 540 U.S. 749, 750(2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.")

To the extent Petitioner has any Habeas claims, they would be limited to his broad and conclusory assertions regarding the respondents' alleged denial of his participation in certain prison programs. These claims are, at best, premature.[5] If, in fact, he is challenging the BOP's denial of his eligibility for participation in an early release program based on nationality or immigration status, he would need to first exhaust his administrative remedies.

---

[4] The Supreme Court noted in *Muhammed* that it "has never followed the speculation in *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), that . . . a prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983." *Muhammed*, 540 U.S. at 752 n.1.

[5] Because Petitioner has not exhausted this potential issue, the Court will not address it on the merits.

-5-

*Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981) (federal prisoner must first exhaust his available remedies before filing a § 2241 Petition for Habeas Corpus relief).[6] Administrative remedies clearly exist, *see* 28 C.F.R. § 542.10, and nothing in the record indicates that it would have been futile for Petitioner to pursue his administrative remedies or that those remedies would have been unable to afford him the relief he requests. *See McKart v. United States*, 395 U.S. 185, 200 (1969) (Petitioner must show that the administrative remedy is inadequate or cannot provide the relief requested for exception to the exhaustion requirement to apply). Petitioner has not exhausted any Habeas claims. Therefore, any challenges to the execution of his sentence are dismissed without prejudice for failing to exhaust administrative remedies.

The remainder of Petitioner's claims allege Respondents violated a right secured by the federal Constitution. Such claims are properly brought as a *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)] action pursuant to 42 U.S.C. § 1983.[7] This Court cannot address Petitioner's civil rights claims in a federal Habeas petition.

## *Conclusion*

Based on the foregoing, this action is dismissed pursuant 28 U.S.C. § 2243, but without prejudice to Petitioner's unexhausted Habeas claims. Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

---

[6] The Court is not suggesting that such a civil action would be meritorious.

[7] The *Bivens* doctrine involves allegations of an injury of a claimant's constitutional rights by federal employees. *See Bivens*, 403 U.S. at 397

IT IS SO ORDERED.

    S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

December 7, 2010